# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-20821-UU

MARIO JIMENEZ,

      Plaintiff,

v.

KAREN WIZEL *et al.*,

      Defendants.

_____/

### ORDER OF DISMISSAL

THIS CAUSE is before the Court based upon a *sua sponte* review of Plaintiff's *pro se* Amended Complaint.  (D.E. 13.)

THE COURT has considered the Amended Complaint and the pertinent portions of the record, and is otherwise fully advised in the premises.

On February 27, 2015, Plaintiff Mario Jimenez ("Jimenez") filed this action alleging violations of his First Amendment and Fourth Amendment rights but did not clearly allege what law entitles him to bring a private right of action to assert those rights.  On March 12, 2015, the Court dismissed the Complaint but granted leave to file an Amended Complaint by March 27, 2015.  Jimenez did not file an Amended Complaint by March 27, 2015 but did file his Amended Complaint on March 30, 2015 along with a Motion for an Extension of Time to file an Amended Complaint.  D.E. 12 & 13.

Jimenez states in his Amended Complaint that he is attempting to remove a state court action pending in the Family Division of the Circuit Court for the Eleventh Judicial Circuit in

and for Miami-Dade County, Florida.  As a threshold matter, the state court action cannot be removed pursuant to 28 U.S.C. § 1441 as the custody of Jimenez's minor children is not a matter over which this Court has original jurisdiction.  Neither does this case implicate 28 U.S.C. § 1443, which requires a showing "that the state court action will involve either the denial or non-enforcement of rights arising 'under any law providing for equal civil rights of citizens of United States' or an act or refusal to perform any act 'under color of authority derived from any law providing for equal rights.'"  *Nuccio v. Heyd*, 299 F. Supp. 939, 940 (E.D. La. 1969).  Section "1443 applies only to rights that are granted in terms of equality and not the whole gamut of constitutional rights," *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966), and therefore, Jimenez's failure to allege any rights related to equality prohibits this case from being removed to federal court.  However, because Jimenez has asserted claims under 42 U.S.C. § 1983 and 42 U.S.C. §§ 1985(2)-(3), the Court has federal question jurisdiction over his claims pursuant to 28 U.S.C. § 1331.

I. 42 U.S.C. § 1983 Claims

In his Amended Complaint, Jimenez seeks relief pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated his First Amendment rights, Due Process rights, and other federal rights, which are not identified in his Amended Complaint.  To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a federal right.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).  "The Supreme Court has defined 'acting under color of law' as acting with power possessed by virtue of the defendant's employment with the state." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522-23 (11th Cir.

1995) (citation omitted).  The Court finds that Jimenez cannot maintain Section 1983 claims against Karen Wizel, Yvette B. Reyes Miller, The Legal Defense Firm of South Dade, Ana C. Morales, Margarita Arango Moore, Reyes & Arango Moore, P.L., Vanessa Archer, Archer Psychological Services, P.A., Anastacia Garcia, Law Office of Anastasia M. Garcia, P.A., and Sabrina Salomon because Jimenez has not alleged that these named Defendants are state actors.

Furthermore, Jimenez's argument that he may hold these private parties liable for constitutional violations is without merit.  "Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." *Business Realty Inv. Co. v. Insituform Tech., Inc.*, 564 F. App'x 954, 956 (11th Cir. 2014) (quoting *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001)) (internal quotation marks omitted).  And "[a] private party does not become a state actor simply because it contracts with the government." *Id.*  The Eleventh Circuit has set forth three separate tests for determining when a private entity is acting as a state actor: "(1) the 'State compulsion test,' where the state has coerced the action alleged to violate the Constitution; (2) the 'public function test,' where the private actor is performing a public function that was traditionally the exclusive prerogative of the State; (3) the 'nexus/joint action test,' where the State has so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise." *Id.*  Because Jimenez has not attempted to satisfy any of these tests by including allegations in his Amended Complaint in support thereof, his Section 1983 claims against all private parties must be dismissed.

Next, the Court finds that Jimenez's Section 1983 claim against the Department of Children and Families must be dismissed.  The Department of Children and Families must be dismissed because respondeat superior does not apply in Section 1983 claims and Jimenez's only

allegation regarding DCF is that it is liable due to the actions taken by Theresa Hernandez and Melyssa Lopez.

Jimenez's Section 1983 claims against Defendants Theresa Hernandez and Melyssa Lopez must also be dismissed because Jimenez has not sufficiently alleged how they violated his First and Fourteenth Amendment rights or any other right secured by the Constitution or a federal statute. With respect to the First Amendment, Jimenez has not identified which right secured by the First Amendment was violated by Theresa Hernandez or Melyssa Lopez. He refers generally to "parental rights" throughout the Amended Complaint and has made references to his religion. However, "parental rights" are not protected by the First Amendment and Jimenez has not articulated how Defendant Hernandez's and Defendant Lopez's actions burdened his religious rights.

With respect to the Fourteenth Amendment, Jimenez invokes the Due Process Clause. "Due Process requires that persons deprived of a right must be afforded notice and an opportunity to be heard." *First Assembly of God of Naples, Fla., Inc. v. Collier Cnty.*, 20 F.3d 419, 422 (11th Cir. 1994). A procedural due process claim has three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). Jimenez alleges that Defendants Hernandez and Lopez gave a copy of a report to Defendant Wizel's attorneys thus "depriving Plaintiff of the opportunity to question and clarify the erroneous conclusions that such report contained." (Compl. ¶ 19.) Jimenez has failed to allege how this action deprived him of a constitutionally-protected liberty or property interest and therefore, his claims against Defendants

Hernandez and Lopez must be dismissed.

II. 42 U.S.C. §§ 1985(2)-(3) Claims

Jimenez seeks relief pursuant to 42 U.S.C. §§ 1985(2)-(3) and alleges that the Defendants conspired to interfere with his civil rights.  Section 1985(2) provides a cause of action for obstruction of justice where "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws."  In order to state a claim under Section 1985(2),  Plaintiff "must plead a private conspiracy with a racial or otherwise class-based invidiously discriminatory motivation."  *Lyon v. Ashurst*, No. 08-16778, 2009 WL 3725364, at *2 (11th Cir. Nov. 9, 2009).  Aside from alleging that he is a Christian, Jimenez has not alleged any facts to support an inference that the claimed conspiracy was motivated by class-based animus.  As a result, his claims pursuant to Section 1985(2) must be dismissed.

Similarly, Jimenez has failed to allege any facts to support his claims under Section 1985(3).  In order to state a claim pursuant to 42 U.S.C. § 1985(3), Plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997).  Moreover, to prove a private conspiracy, Plaintiff must show "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' actions, and (2) that the conspiracy aimed at

[interfering] with rights that are protected against private as well as official encroachment." *Id.* (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-78 (1993)).  Aside from his bare assertion that he is a Christian, Jimenez's Amended Complaint contains no factual allegations that class-based animus was the motivating factor behind the alleged conspirators' actions.

III. Other Allegations Referenced in the Amended Complaint

Lastly, although a judge has not been named as a defendant in this action, most of the allegations in the Complaint relate to actions taken by judges in the Family Division of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  Judges are entitled to absolute immunity for all actions taken in their judicial capacity, except where they act in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).  In fact, absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*  Therefore, any claims alleged against a judge relating to actions taken in a judicial capacity are precluded by the doctrine of judicial immunity.

Based on the Court's findings above, the Amended Complaint must be dismissed. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Amended Complaint (D.E. 13) is DISMISSED . It is further

ORDERED AND ADJUDGED that for administrative purposes this action is hereby CLOSED and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 15TH day of April, 2015.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Mario Jimenez, *pro se*